UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GIBSON CRAWFORD,
mother of Romeo A. Gibson, deceased,

    Plaintiff,

v.

STATE OF MICHIGAN POLICE,
JACKSON COUNTY SHERIFF'S
DEPARTMENT, JACKSON COUNTY COURT,
BAILIFFS AND OFFICERS, CITY OF JACKSON
POLICE DEPARTMENT, JACKSON COUNTY
PROSECUTORS OFFICE, PROSECUTOR
NICK MEHALCO, JUDGE THOMAS WILSON,
and ALLIGENCE HEALTH HOSPITAL,

    Defendants.

Case No. 13-11551

Hon. Stephen J. Murphy, III
Mag. Judge Laurie J. Michelson

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT**
**MICHIGAN STATE POLICE MOTION TO DISMISS [12]**

In this civil rights case, Plaintiff Dawn Gibson Crawford ("Plaintiff") alleges that numerous governmental and public entities and officials improperly divulged information and assaulted and threatened her in retaliation for a prior lawsuit that she brought arising out of her husband's death in the Jackson County Jail. All pretrial proceedings have been referred to this Court. Presently before the Court is the Motion to Dismiss of Defendant Michigan State Police ("MSP"). Because the MSP is entitled to Eleventh Amendment immunity, the Court RECOMMENDS that MSP's Motion to Dismiss be GRANTED.

**I.     BACKGROUND**

According to Plaintiff's Complaint, her husband "was found hung in his jail cell in Jackson County Jail." (Dkt. 1, Compl. at 1.) As a result, Plaintiff sued the Jackson County Prosecutor's Office and court officials; Plaintiff says that she served these entities in February/March 2010. (*Id*.)

On April 7, 2010, Plaintiff's son was shot and killed in Jackson, Michigan. (*Id*.) Plaintiff alleges that she spoke with Jackson County Prosecutor, Defendant Nick Mehalco ("Mehalco"), who told her that her husband's case and son's case "had nothing to do with one another" and that they intended to seek the death penalty for her son's murder. (*Id*. at 2.)

Plaintiff further alleges, however, that during a November 29, 2010 court proceeding in her son's murder case, the prosecutor "dropped criminal charges to a lesser charge." (*Id*.) Plaintiff contends that the prosecutor lied to the court about witnesses failing to appear. (*Id*.) Plaintiff alleges that the necessary witnesses were in the courthouse hallway and were ready to testify. (*Id*. at 2-3.) According to Plaintiff, she asked Mehalco why he lied to the court, and he tried to grab her arm and pull her away so he could speak to her in private. (*Id*. at 3.) Plaintiff alleges that police officers began screaming and yelling at her and calling her names and stated, "what are you going to do, sue us again bitch." (*Id*. at 3.) Plaintiff claims the judge confronted her and pushed her while a taser gun was placed in her face. (*Id*.) According to Plaintiff, "police officers, baliffs [sic], security, court, sherrifs [sic], pulled guns and tazers [sic] gun on [her], and had [her] surrounded in court house in hallway." (*Id*.)

In sum, Plaintiff alleges that court, county, and law-enforcement personnel divulged records, intimidated witnesses, and threatened, harassed and assaulted her, in retaliation for the lawsuit she filed involving her husband's death. (*Id*. at 5.) While no specific claims or counts are identified in

2

the Complaint, Plaintiff's allegations strongly suggest that she is alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983.

On August 30, 2013, Defendant Michigan State Police filed the present motion to dismiss Plaintiff's Complaint. (Dkt. 12, Mot. to Dismiss.) MSP contends that, "[w]hatever the nature of Plaintiff's claim, the Michigan State Police has not consented to suit in federal court and Congress has not expressly abrogated Eleventh Amendment immunity by statute; therefore, there is no basis for this Court's jurisdiction over the claims brought against the Michigan State Police." (*Id*. at ¶ 3.) Plaintiff's response does not address this sovereign immunity argument. (Dkt. 28.) Instead, she identifies certain § 1983 claims that are often brought against police officers. (*Id*. at 21-22.)

## II. ANALYSIS

Regardless of the form of relief requested, the states and their departments and agencies are immune from suit in the federal courts, unless the state has waived its sovereign immunity or Congress has expressly abrogated that immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The MSP is an agency of the state of Michigan, protected by sovereign immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding the Michigan State Police is an arm of the state of Michigan entitled to Eleventh Amendment immunity); *Jones v. Robinson*, No. 12-12541, 2012 U.S. Dist. LEXIS 113652, at * 8

(E.D. Mich. Aug. 13, 2012) (also finding Michigan State Police Department is a state agency immune from suit under § 1983); *Haddad* v. *Fromson*, 154 F. Supp.2d 1085, 1091 (W.D. Mich. 2001) (explaining that the Michigan State Police is a department of the State of Michigan "created by statute," and is thus entitled to Eleventh Amendment immunity) (citing Mich. Comp. Laws § 16.250)), *overruled on other grounds*, *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002).  Moreover, the Sixth Circuit has observed that the MSP is not a "person" subject to suit under § 1983.  *Lavrack*, 1999 WL 801562 at *2 (citing *Howlett v. Rose*, 496 U.S. 356, 383, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990)).

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, Plaintiff's claims against the Michigan State Police are barred by sovereign immunity.  Thus, this Court RECOMMENDS that MSP's Motion to Dismiss be GRANTED.

### IV.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

S/Laurie J. Michelson
Laurie J. Michelson
United States Magistrate Judge

Dated: December 18, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on December 18, 2013.

s/Jane Johnson
Case Manager to
Magistrate Judge Laurie J. Michelson
