UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GIBSON CRAWFORD,

Plaintiff,

No. 13-11551

v.

District Judge Stephen J. Murphy, III
Magistrate Judge R. Steven Whalen

STATE OF MICHIGAN, ET AL.,

Defendants.
_______________________________ /

**REPORT AND RECOMMENDATION**

On April 5, 2013, Plaintiff Dawn Gibson Crawford filed a handwritten, *pro se* civil complaint that appears to be brought under 42 U.S.C. § 1983.[1] Before the Court are the following motions, which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B):

-Motion to Dismiss by Jackson County Prosecutor's Office [Doc. #19]

-Motion to Dismiss by Nick Mehalco [Doc. #20]

-Motion to Dismiss by Jackson County Sheriff's Department [Doc. #21]

-Motion to Dismiss by Allegiance Health Hospital [Doc. #23]

-Motion to Dismiss by City of Jackson Police Department [Doc. #27]

For the reasons discussed below, I recommend that all five motions be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

---

[1] Pleadings and arguments of *pro se* litigants are to be liberally construed *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice")

## I. FACTS

Ms. Crawford's complaint is written in narrative form. She states that before the events described in her complaint, she had filed a lawsuit against Jackson County officials, arising out of her husband's suicide when he was an inmate at the Jackson County Jail. She states that on April 7, 2010, her son was murdered by one Christopher Hearst. Assistant Prosecuting Attorney Nick Mehalco told her that he was aware of her pending lawsuit, but that it had nothing to do with the Hearst prosecution. Ms. Crawford was under the impression that "they were going for the death penalty."[2] On November 29, 2010, she and other witnesses in the murder case were in court when Mr. Hearst apparently pled guilty to some lesser charge. She then argued with Assistant Prosecutor Mehalco about whether witnesses were present in court, and told Mr. Mehalco that he was lying. Mr. Mehalco asked if they could talk privately, and she declined, saying that she was afraid of him. Ms. Crawford alleges that some unidentified police officers yelled at her, called her vulgar names, and pointed tasers in her face. A Detective Stiles pushed her in the chest, allegedly injuring her breast. She asserts that Judge Thomas Wilson pushed her and said, "Bitch, I am tired of your bullshit."[3] She states that numerous but unnamed court officials officers, and judges called her names and physically assaulted her, and that all of this was in retaliation for her having sued the County.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

[2] In fact, the Michigan Constitution bars capital punishment.

[3] Neither Officer Stiles nor Judge Wilson are part of the present five motions.

presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[4] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action,

[4] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III. DISCUSSION

### A. Doc. #19, #21, and #27

The motions filed by the Jackson County Prosecutor's Office [Doc. #19], the Jackson County Sheriff's Department [Doc. #21], and the City of Jackson Police Department [Doc. #27] involve a common basis for dismissal, and will be discussed together.

In all three motions, the Defendants are municipal or County entities. Under *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality does not have *respondeat superior* liability: "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691. (Emphasis in original). However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638. In *Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996), the Court explained, "The requirement of an official policy distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter."

Ms. Crawford has alleged that unnamed County and/or City officers yelled at her and pointed tasers. She alleges that an Officer Stiles pushed her, although she does not specify whether he worked for the County or the City. No other officers or deputies are alleged to have laid a hand on her. She claims that Assistant Prosecutor Mehalco took her by the arm in an apparent attempt to discuss her concerns in a more private setting. Setting aside the question of whether Ms. Crawford has stated a plausible claim of excessive force against Officer Stiles or Mr. Mehalco, she has not alleged that their actions were the product of an official policy or custom of either the County, the Prosecutor's Office, or the City, nor can the existence of such a policy or custom be plausibly inferred from her narrative.

Therefore, pursuant to *Monell*, the claims against the Jackson County Prosecutor's Office, the Jackson County Sheriff's Department, and the City of Jackson Police Department must be dismissed.

**B. Docket #20**

Assistant Prosecutor Nick Mehalco is also entitled to dismissal.

Ms. Crawford's complaint can be generously construed to bring two claims against Mr. Mehalco. The first arises from his decision to offer the killer of Ms. Crawford's son a plea bargain to a lesser offense. The second involves the allegation that Mr. Mehalco took Ms. Crawford's arm to guide her to a more private location.

Mr. Mehalco's decision (if it *was* his decision) to offer Mr. Hearst a plea to a lesser charge falls within the scope of prosecutorial immunity. "State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties." *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir.2012) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). "[T]he critical inquiry is how

closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process." *Spurlock v. Thompson,* 330 F.3d 791, 797 (6th Cir.2003)(internal quotations and citations omitted)(emphasis in original). Protected prosecutorial conduct includes action taken in conjunction with decisions whether or not to prosecute. *See Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Siano v. Justices of Massachusetts,* 698 F.2d 52 (1st Cir.1983); *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir.1988).

Unquestionably, then, the decision as to what offense to charge, or whether to sanction a criminal defendant's plea to a lesser charge, is directly related to the prosecutor's function as an advocate within the judicial phase of the criminal process. On this basis, Mr. Mehalco is protected by prosecutorial immunity.

Nor has Ms. Crawford stated a plausible claim of excessive force. In scrutinizing a claim of excessive force, the constitutional standard is the Fourth Amendment's requirement of reasonableness. *Graham v. Connor, supra*. That standard is objective, and is applied without reference to the defendant's subjective motivations. *Id*. Ms. Crawford describes a courthouse encounter with Mr. Mehalco in which she was visibly upset with the decision to allow Mr. Hearst to, in her mind, escape full justice. She alleges that in effect, Mr. Mehalco took her arm in order to guide her to a more private setting, not to cause physical harm. Indeed, she alleges no physical injury, and there was no more physical contact with Mr. Mehalco after she declined his suggestion to talk privately. Objectively viewing the circumstances as Ms. Crawford describes, she has no plausible basis to assert a Fourth Amendment violation.

Assistant Prosecutor Mehalco is therefore entitled to dismissal.

### C. Doc. #23

Although Ms. Crawford lists Allegiance Health Hospital in the caption, her complaint contains no factual allegations against this Defendant. Nor does she assert a legal or jurisdictional basis, grounded in federal law or otherwise, for suing Allegiance Health Hospital. Her claim against Allegiance Health Hospital is therefore deficient under Rule 8(a)(2) and *Iqbal*, and this Defendant must therefore be dismissed.

.

## IV. CONCLUSION

My recommendation to grant these motions to dismiss is not meant to diminish or trivialize the grief and anger Ms. Crawford understandably feels at the loss of her husband and her son. But while I can and do offer her my condolences and my sympathy, the law does not permit me to recommend that the case go forward against these Defendants

Accordingly, I recommend that the Motion to Dismiss by Jackson County Prosecutor's Office [Doc. #19], the Motion to Dismiss by Nick Mehalco [Doc. #20], the Motion to Dismiss by Jackson County Sheriff's Department [Doc. #21], the Motion to Dismiss by Allegiance Health Hospital [Doc. #23], and the Motion to Dismiss by City of Jackson Police Department [Doc. #27] all be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 30, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 30, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen