UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GIBSON CRAWFORD,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
                                            /

Case No. 13-cv-11551

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 40), **AND GRANTING MOTIONS TO DISMISS FILED BY JACKSON COUNTY PROSECUTOR'S OFFICE** (document no. 19), **NICK MEHALCO** (document no. 20), **JACKSON COUNTY SHERIFF'S DEPARTMENT** (document no. 21), **ALLEGIANCE HEALTH HOSPITAL** (document no. 23), **AND CITY OF JACKSON POLICE DEPARTMENT** (document no. 27)

On April 5, 2013, Dawn Gibson Crawford filed a pro se civil complaint against the State of Michigan, the Jackson County Sheriff's Department, the City of Jackson Police Department, the Jackson County Prosecutor's Office, the Jackson County Court, Bailiffs, and Officers, Nick Mehalco, Judge Thomas Wilson, and Allegiance Health Hospital.[1] Subject matter jurisdiction is not expressly addressed in the complaint, but Crawford's claims appear to be brought under 42 U.S.C. § 1983. On April 15, 2013, the Court referred all pre-trial matters to Magistrate Judge Laurie J. Michelson. On September 13, 2013, the Jackson County Prosecutor's Office, Nick Mehalco, the Jackson County Sheriff's Department, and Allegiance Health Hospital filed motions to dismiss. The City of Jackson Police Department filed a motion to dismiss on September 27, 2013. The case was later reassigned to Magistrate Judge R. Steven Whalen.

---

[1] Allegiance Health Hospital was incorrectly identified in the complaint as "Alligince Health Hospital."

Before the Court are five dispositive motions: (1) a motion to dismiss by the Jackson County Prosecutor's Office; (2) a motion to dismiss by Nick Mehalco; (3) a motion to dismiss by the Jackson County Sheriff's Department; (4) a motion to dismiss by Allegiance Health Hospital; and (5) a motion to dismiss by the City of Jackson Police Department. On August 30, 2014, Magistrate Judge Whalen issued a Report and Recommendation ("the Report"), recommending that the motions be granted and that the claims against all of the moving defendants be dismissed. Report and Recommendation, ECF No. 40.

With respect to the Jackson County Prosecutor's Office, the Jackson County Sheriff's Department, and the City of Jackson Police Department, the magistrate judge determined that Crawford's complaint should be dismissed because each is a municipal or county entity not subject to *respondeat superior* liability, and Crawford's complaint refers only to the acts of individual employees. The magistrate judge determined that Nick Mehalco is immune from civil liability because the conduct alleged by Crawford occurred while Mehalco was acting within the scope of his professional duties as a prosecutor. Finally, with respect to Allegiance Health Hospital, the magistrate judge determined that the complaint is deficient under Rule 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because it contains no factual allegations against Allegiance, nor does it assert any legal or jurisdictional basis for bringing suit.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, a district judge always retains jurisdiction over a motion after referring it to a magistrate judge. As such, a district judge is entitled to review the

magistrate judge's findings of fact and conclusions of law. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

Because neither party filed objections to the Report, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and grant the motions.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 40) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Jackson County Prosecutor's Office's motion to dismiss (document no. 19), Nick Mehalco's motion to dismiss (document no. 20), the Jackson County Sheriff's Department's motion to dismiss (document no. 21), Allegiance Health Hospital's motion to dismiss (document no. 23), and the City of Jackson Police Department's motion to dismiss (document no. 27) are **GRANTED**.

**IT IS FURTHER ORDERED** that Crawford's claims against the Jackson County Prosecutor's Office, Nick Mehalco, the Jackson County Sheriff's Department, Allegiance Health Hospital, and the City of Jackson Police Department are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: September 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2014, by electronic and/or ordinary mail.

          s/Carol Cohron
          Case Manager